```
___FILED      ___ENTERED
___LODGED     ___RECEIVED
        MAY 18 2017
          AT SEATTLE
    CLERK U.S. DISTRICT COURT
  WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY
```

Judge Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* KAT NGUYEN-SELIGMAN,<br><br>Plaintiff,<br><br>v.<br><br>LENNAR CORPORATION, a Delaware corporation; UNIVERSAL AMERICAN MORTGAGE COMPANY, LLC, a Florida corporation; and EAGLE HOME MORTGAGE OF CALIFORNIA, INC., a California corporation,<br><br>Defendants. | CASE NO. 14-cv-1435-RSM<br><br>**FILED UNDER SEAL**<br><br>Noted for Consideration on:<br>May 18, 2017 |

**UNITED STATES' *EX PARTE* APPLICATION
FOR AN EXTENSION OF TIME
TO CONSIDER ELECTION TO INTERVENE**

Pursuant to the False Claims Act, 31 U.S.C. § 3729–33 (FCA), the United States of America respectfully applies to the Court *ex parte* for an Order extending for six months, or until November 20, 2017, the period during which the United States will determine whether or not to intervene in this case, and for an extension of time during which this case will remain under seal. **Relator's counsel has been consulted and concurs with this request.**

UNITED STATES' *EX PARTE* APPLICATION
FOR AN EXTENSION OF TIME - 1
(CASE NO. 14-cv-1435-RSM)
FILED UNDER SEAL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## PROCEDURAL HISTORY

On or about September 18, 2014, Relator Kat Nguyen-Seligman filed a Complaint in this action under seal under the *qui tam* provisions of the FCA, 31 U.S.C. § 3730, which permit individuals to file actions on behalf of the United States, alleging violations of the FCA. The Relator completed service on the United States on or about September 23, 2014. The FCA expressly contemplates that the government's investigative period may be extended more than once upon a showing by the United States of "good cause." *Id.* § 3730(b)(3). This is the government's sixth request for an extension of the seal, which is currently scheduled to expire on May 19, 2017.

## THE RELATOR'S ALLEGATIONS

As the Court is aware, Defendant Lennar Corporation (Lennar) is a Delaware Corporation headquartered in Miami, Florida that builds homes throughout the United States, including homes in the Western District of Washington. Defendant Universal American Mortgage Company, LLC, (UAMC) is a subsidiary of Lennar and provides financing and related services to buyers of homes built by Lennar. Eagle Home Mortgage of California (Eagle Home) is also a subsidiary of Lennar, which provides financing and related services to homebuyers. The entities are hereafter referred to collectively as "the Lennar Companies." The United States Department of Housing and Urban Development (HUD) insures the Lennar Companies' home mortgages. Under HUD's mortgage insurance program, if a homeowner defaults on a loan and the mortgage holder forecloses on the property, HUD pays the mortgage holder the balance of the loan, and then assumes

UNITED STATES' *EX PARTE* APPLICATION
FOR AN EXTENSION OF TIME - 2
(CASE NO. 14-cv-1435-RSM)
FILED UNDER SEAL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

ownership and possession of the property. As part of HUD's mortgage insurance program, HUD requires lenders to submit certain certifications ensuring that loans comply with HUD's standards and guidelines designed to reduce the risk to HUD. Relator alleges that the Lennar Companies engaged in several schemes to defraud HUD, including, but not limited to, knowingly presenting or causing to be presented false records, statements, and certifications to HUD, material to HUD's insurance of the Lennar Companies' residential home mortgages, and ultimately the payment of any foreclosure claims.

Specifically, Relator asserts that the Lennar Companies failed to undertake meaningful quality control for a significant portion of its HUD-insured loans. Relator alleges that the Lennar Companies failed to sufficiently perform required due diligence on HUD-insured loans, including, but not limited to: (1) failing to investigate loans flagged by auditors as violating HUD guidelines; (2) failing to verify information provided in loan files; and (3) failing to ensure that funds used to close a loan were properly traced.[1] Relator alleges that these practices resulted in the Lennar Companies' certification of thousands of ineligible mortgages to HUD.

## THE GOVERNMENT'S INVESTIGATION

As the Court knows, the government was investigating the Lennar Companies' loan practices prior to the filing of Relator's suit. The government made significant progress

---

[1] Tracing is important because it ensures that funds used to secure a mortgage are from an allowable source. Using funds from an unallowable source may mislead the lender, and eventually HUD, as to the potential mortgage holder's credit risk.

UNITED STATES' *EX PARTE* APPLICATION
FOR AN EXTENSION OF TIME - 3
(CASE NO. 14-cv-1435-RSM)
FILED UNDER SEAL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

during its pre-existing investigation.  Prior to the filing of Relator's suit, the government issued two HUD administrative subpoenas for documents and one Civil Investigative Demand (CID) requesting answers to interrogatories.[2]  After Relator filed suit, the government promptly interviewed Relator and reviewed the documents provided by the Relator.

Since the last extension of the seal in this matter, the government has attempted to work with the Lennar Companies' counsel to obtain documents that are required to conclude the government's investigation.  The documents are in response to a CID that the government issued in 2015.  The CID requested Lennar documents relating to Lennar's knowledge of, and communications concerning, UAMC's origination, underwriting, and quality control of Federal Housing Administration (FHA) mortgages.  Specifically, the government has requested documents from five key Lennar employees:  Fred Rothman, Eastern Regional President; Jeffry Roos, Western Regional President; Jonathan Jaffe, Vice President and Chief Operating Officer; Richard Beckwitt, President; and Frank Llano, Executive Director of Accounting.  However, Lennar has refused to produce documents from these custodians.

---

[2] The United States may issue a CID "[w]henever the Attorney General, or a designee, has reason to believe that any person may be in possession, custody, or control of any documentary material or information relevant to a false claims law investigation . . .." 31 U.S.C. §3733(a)(1).

UNITED STATES' *EX PARTE* APPLICATION
FOR AN EXTENSION OF TIME - 4
(CASE NO. 14-cv-1435-RSM)
FILED UNDER SEAL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Since the government issued the CID, the government has attempted to work with Lennar to obtain relevant documents and information.  For example, the government attempted to work cooperatively with Lennar to determine which custodians' emails and other electronically-stored information (ESI) should be searched.  After extensive discussion, Lennar produced the first emails from a Lennar employee—John Hillin, Lennar's Director of Internal Audit—on February 25, 2016, almost a year after the government issued the CID.  Thereafter, over a period of six months, Lennar produced emails for six additional custodians.  However, Lennar has refused to produce documents from the above-identified five key individuals.  Lennar Companies' counsel has objected to the requested documents because they do not pertain to "UAMC's FHA loan originations."

The requested documents are required so that the government can determine if, and to what extent, Lennar, UAMC's parent company, was involved in or aware of UAMC's underwriting practices.  This question is critical given that mortgages underwritten by UAMC during the relevant time period were almost exclusively for homes built and sold by Lennar.  Moreover, the vast majority of homes built and sold by Lennar were financed through UAMC mortgages.  Furthermore, during the course of the government's investigation, UAMC has distributed over $100 million in net profits to Lennar.  For this reason, the government is in the process of seeking authority to enforce the CID.  Without the difficulty in obtaining the requested documents, the government believes that its investigation would be complete.  However, the investigation has stalled since, to date, the government has been unable to obtain the requested documents.

UNITED STATES' *EX PARTE* APPLICATION
FOR AN EXTENSION OF TIME - 5
(CASE NO. 14-cv-1435-RSM)
FILED UNDER SEAL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

During this next extension period, the government hopes to obtain the requested documents and determine what knowledge Lennar had of UAMC's underwriting practices. Once the government has access to the requested documents and has had an opportunity to review and consider the documents, the government anticipates presenting the findings of its investigation to UAMC counsel. The government believes that this will be the final extension period assuming that it is able to obtain the information necessary to understand the extent to which Lennar had knowledge of UAMC's underwriting practices.

As noted at the outset, Relator's counsel has been consulted and has no objection to this request for additional time.

## ARGUMENT AND AUTHORITIES

The FCA expressly contemplates the United States obtaining extensions of time to make its intervention decision in *qui tam* actions. See 31 U.S.C. § 3730 (b)(3) (the United States "may, for good cause shown, move the court for extensions of time . . . ."). For the reasons set forth above, the government contends that the "good cause" standard is satisfied in this case.

The United States also respectfully requests that the Court order that the Complaint and other filings be kept under seal through November 20, 2017, unless otherwise ordered by the Court. Such an extension of the seal is contemplated by, and consistent with, the express terms of the FCA. See 31 U.S.C. § 3730(b)(3). Experience demonstrates that concluding a non-judicial resolution of this matter, should the facts so warrant, will be facilitated if Relator's allegations have not yet been publicly disseminated.

UNITED STATES' *EX PARTE* APPLICATION
FOR AN EXTENSION OF TIME - 6
(CASE NO. 14-cv-1435-RSM)
FILED UNDER SEAL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CONCLUSION

Accordingly, the United States requests that the Court enter an Order extending for six months, until and including November 20, 2017, the period for the United States to make its decision whether to intervene in this case and providing that during this time the case will remain under seal.

Dated this 18th day of May, 2017.

                        Respectfully submitted,

                        ANNETTE L. HAYES
                        United States Attorney

                        */s/ Kayla C. Stahman*
                        KAYLA C. STAHMAN, CABA NO. 228931
                        Assistant United States Attorney
                        United States Attorney's Office
                        700 Stewart Street, Suite 5220
                        Seattle, Washington 98101-1271
                        Phone:  206-553-7970
                        Fax:  206-553-4073
                        E-mail:  kayla.stahman@usdoj.gov

UNITED STATES' *EX PARTE* APPLICATION
FOR AN EXTENSION OF TIME - 7
(CASE NO. 14-cv-1435-RSM)
FILED UNDER SEAL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970